ENTERED
RECEIVED

DEC 20 2013

CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| United States of America | ) |
|---|---|
| v. | ) |
| | ) Case No. **13-3026 SKG** |
| TARIQ MOSI HICKS | ) |
| a/k/a Reginald Allison Hicks | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of   December 18, 2013   in the county of   Baltimore   in the
_____ District of   Maryland  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of a firearm. |

This criminal complaint is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Douglas Rechtin, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12/20/13

_____
Judge's signature

City and state:   Baltimore, Maryland

Susan K. Gauvey
*Printed name and title*

Affidavit       **13-3026 SKG**

This affidavit is submitted in support of an application for a criminal complaint for Tariq Mosi HICKS, FBI Number 512775JA1, for a violation of Title 18, U.S. Code § 922(g)(1). It is alleged that on December 18, 2013, HICKS did unlawfully possess a firearm, which affected interstate or foreign commerce, after having been convicted of a crime punishable by imprisonment for a term exceeding one year.

I, Douglas Rechtin, being duly sworn, hereby depose and state as follows:

### Background and Experience

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations (HSI)[1], and have been so since October 2008.

2. As part of my employment with HSI, I attended the Criminal Investigator Training Program, which is a twelve week basic program for all Federal criminal investigators held at the Federal Law Enforcement Training Center in Glynco, Georgia. Additionally, I attended Immigration & Customs Enforcement Special Agent Training, which is an additional eleven weeks of training. During both of these courses, instruction was given on basic investigative techniques; federal controlled substances laws; types of controlled substances; how controlled substances are manufactured, transported across international borders, distributed, and sold; money laundering techniques; and electronic and physical surveillance techniques.

3. Your affiant is currently assigned to the Baltimore Seaport and Airport – High Intensity Drug Trafficking Area (HIDTA) Group, investigating unlawful acts and violations of

---

[1] In 2003, the legacy United States Customs Service was incorporated into the DHS as "Immigration & Customs Enforcement" (ICE). In 2010, Immigration & Customs Enforcement ("ICE") due to expanding and changing missions, ICE once more underwent a re-organization. This new agency is referred to as Homeland Security Investigations ("HSI").

1

federal customs law. In the course of my current employment, I have participated in numerous federal and state narcotics investigations relating to drug trafficking, drug smuggling, and money laundering violations. During the course of those investigations, I have been the affiant on numerous search warrants related to narcotics violations. The information in this affidavit is based on my personal knowledge and information provided to me by other law enforcement officers.

### Probable Cause

4. On December 17, 2013, the Honorable Susan K. Gauvey, U.S. Magistrate Court Judge for the District of Maryland, signed a search and seizure warrant for 9104 Marlove Oaks Ln., Owings Mills, Maryland.

5. On December 18, 2013, at approximately 6:02 am, Homeland Security Investigations (HSI) and the Baltimore County Police Department executed the search warrant at 9104 Marlove Oaks Ln., Owings Mills, Maryland. Upon entry, Tariq Mosi HICKS (DOB: 6/19/1969), Shivani Umesh PATEL (DOB: 02/10/1986), and Eddie Antonio CAREY (DOB: 11/04/1983) were encountered. All persons were secured inside the residence and advised of the search and seizure warrant.

6. As the residence and its occupants were being secured, HSI Special Agents asked HICKS if there was a gun in the house or any other dangerous weapons. HICKS did not respond.

7. Shortly after, HSI Special Agents advised HICKS of his Miranda rights and had HICKS read a written copy of the Miranda rights. HICKS advised that he understood his rights and signed a waiver of those rights and agreed to cooperate with investigators.

8. HSI Special Agents interviewed HICKS in the living room of the residence with no others present. During the course of this interview, HSI Special Agents asked HICKS if there was a gun in the house, to which HICKS again did not respond. HICKS then told the Special Agents that they would find the gun anyway and advised that he had a gun inside a safe in his bedroom. At this time, a Baltimore County Detective entered the area of the interview carrying a safe that had been located in bedroom identified as being used by HICKS. HICKS then advised that the key to open the safe was located inside a Gucci box, inside the nightstand to the left of his bed. Investigators found the key in the location described by HICKS.

9. Investigators opened the safe using the key found in the location described by HICKS and found a loaded .22 caliber Jennings J-22 handgun (S/N 449309), one .22 caliber magazine with 6 bullets, and a key and holster. Also found in the safe was a United States Passport in the name of Tariq Mosi HICKS (DOB: 6/19/1969), a United States Passport in the name of Meyoshi Nikkol Harris (DOB: 1/8/1972), and various personal documents, *i.e.*, birth certificates, Social Security cards, etc., believed to belong to the children of HICKS.

10. During the previous investigation of HICKS, it was learned that in 2008, Reginald Allison Hicks (DOB: 06/19/1969) changed his name to Tariq Mosi HICKS through the Circuit Court for Baltimore County.

11. A search of the National Criminal Information Center (NCIC) database for Tariq Mosi HICKS and Reginald Allison Hicks revealed that Reginald Allison Hicks (FBI# 512775JA1) was found to be a convicted felon, convicted of the following felony offenses:

- 7/1/2003 – US Secret Service – Bank Fraud, Supervised Release Violation (Guilty, 31.5 months/3 years supervised release);
- 5/19/2000 – Fairfax County (VA) –Forging Coin and Bank Notes (6 cts)(Guilty);
- 3/10/1995 – US Secret Service – Felon in Possession of a Firearm, Credit Card Fraud (Guilty, 41 months/3 years supervised release);

- 9/14/1990 – Montgomery County (MD) – CDS Possession with Intent to Distribute (Guilty).

12. All 10 convictions are punishable by a term of imprisonment exceeding one (1) year.

13. Based on these facts, HICKS was arrested and transported to the Baltimore County Police Department Franklin Precinct for processing for the following Maryland State Criminal violations: Firearm Possession by a Convicted Felon; Regulated Firearm: Illegal Possession; and Illegal Possession of Ammunition.

14. A copy of the search warrant with inventory was left at the residence. All evidence recovered was transported to the HSI Office in Baltimore and processed. The .22 caliber Jennings J-22 handgun (S/N 449309), one .22 caliber magazine with 6 bullets, and a key and holster were turned over to the Baltimore County Police Department as evidence.

15. Your affiant knows, through his interactions and conversation with other law enforcement officers, that a Jennings semi-automatic pistol, Model J-22, .22 caliber, serial number 449309, is a firearm as defined in Title 18, United States Code, Section 921(a)(3) in that it will or is designed to, or may readily be converted to, expel a projectile by the action of an explosive. Your affiant further knows that Jennings firearms have never been manufactured in the State of Maryland; therefore, the Jennings semi-automatic pistol, Model J-22, .22 caliber, serial number 449309, which was found to be in the possession of HICKS, would have affected interstate or foreign commerce prior to being recovered in Owings Mills, Maryland, on December 18, 2013.

16. Based on the above facts and investigation, your affiant has probable cause to believe that:

    a. HICKS has been convicted of a crime punishable by imprisonment for a term exceeding one year and

    b. HICKS possessed a firearm, which had affected interstate or foreign commerce, on December 18, 2013, in violation of Title 18, United States Code, Section 922(g)(1).

_____
Douglas Rechtin, Special Agent
HSI, Baltimore, Maryland

Sworn and subscribed to before me this ___20___ day of December, 2013.

_____
Susan K. Gauvey
United States Magistrate Judge

Baltimore, Maryland